BENNIE JOE BUSBY V. STATE

No. 34,046. December 13, 1961
Motion for Rehearing Overruled January 31, 1962

*Peter P. Cheswick,* Houston, for appellant.

*Frank Briscoe,* District Attorney, *Carl E. F. Dally, Erwin G. Ernst,* Assistants District Attorney, Houston, and *Leon Douglas,* State's, Attorney, Austin, for the state.

McDONALD, Judge.

The offense is rape; the punishment, life imprisonment in the penitentiary.

This is a companion case with that of Cecil Lester Brown, No. 33,781, this day decided by this Court, (page 692) 353 S.W. 2d 425, wherein the facts are fully set forth and to which reference is here made.

We shall however point out that the testimony shows that the complaining witness identified the appellant in this case as the one who had "kicked me where I had my operation and also the one that bit my breast." This same witness identified the appellant as one of the co-indictees who raped her. The appellant did not make a confession, as was done in the companion case of Brown, supra, nor did he testify in his own behalf as Brown did.

There were no formal bills of exception filed in this case. The charge of the court, which was full and complete and included a charge on principals, in our opinion protected all of the rights of the appellant. No exceptions or objections were taken to the court's charge. There are approximately ten informal bills of exception contained in the statement of facts. We have carefully considered all of them. We only deem it necessary to discuss one.

Appellant makes the contention that the complaining witness's name was not Dora Ybarra. He contends that she was not known by the name Dora Ybarra as was alleged in the in-

dictment, resulting in a fatal variance between the indictment and the evidence in regard to her name.

Appellant made this same contention in the companion case of Brown. However, in Brown, he did not raise this proposition until the Motion for New Trial. Here, he raised it by an informal bill during the trial of this case on its merits. We shall not here restate the testimony from the statement of facts pertaining to this contention. It is clear to us that we correctly disposed of this proposition in Brown's case, and we here adopt the same reasoning and authorities there cited as the basis for now holding this contention without merit. We think the evidence was more than adequate to show that the complaining witness here assumed the name of Dora Ybarra. The provisions of Article 401, V.A.C.C.P., and the early case of Williams v. State, 13 Tex. App. 285, 288-89, support our holding. Appellant's contention is overruled.

We find the evidence amply sufficient to support the judgment.

Finding no reversible error, the judgment is affirmed.

ON MOTION FOR REHEARING

DICE, Judge.

Appellants reurges his contention that there was a fatal variance between the allegation in the indictment and proof as to the name of the prosecutrix. While the prosecutrix testified upon the trial that her name was not Dora Ybarra, as alleged in the indictment, but that it was Olivia Ybarra, the evidence shows that she used the name Dora Ybarra in making her outcry of the rape and reporting it to the police. The three police officers who investigated the case and testified upon the trial knew the prosecutrix by the name of Dora Ybarra. In his motion for instructed verdict, appellant referred to the prosecutrix as "Olivia Ybarra alias Dora Ybarra." The prosecutrix being known by two names, it was sufficient to state either in the indictment, Art. 401, supra.

The motion for rehearing is overruled.

Opinion approved by the Court.