**The STATE of Texas, Appellant,**

v.

**Eddie MOORE, Appellee.**

**No. 07–88–0014–CR.**

Court of Appeals of Texas,
Amarillo.

April 18, 1988.

Travis S. Ware, Dist. Atty., Rebecca Baker, Ass't Dist. Atty., Lubbock, for appellant.

Chuck Lanehart, Chappell, Lanehart & Aldridge, Lubbock, for appellee.

Before REYNOLDS, C.J., and DODSON and COUNTISS, JJ.

DODSON, Justice.

Proceeding under article 44.01 of the Texas Code of Criminal Procedure Annotated (Vernon Supp.1988), the State appeals from the trial court's order suppressing the hearsay statement of a child abuse victim for non-compliance with article 38.072 of the Texas Code of Criminal Procedure Annotated (Vernon Supp.1988). We affirm.

The record shows that Eddie Moore, the appellee, was indicted for the offense of aggravated sexual assault of a child less than fourteen years old. The State subsequently filed its notice of intent to use at the trial the hearsay statements of Mabel Jarrett made to her by the abuse victim. Appellee responded with a motion to suppress the hearsay statements because they did not comply with article 38.072 of the Texas Code of Criminal Procedure Annotated (Vernon Supp.1988). The trial court granted appellee's motion on the basis that the statement was hearsay and did not comply with article 38.072.

Article 38.072, entitled, "Hearsay Statement of Child Abuse Victim," provides, in pertinent part:

Sec. 1. This article applies to a proceeding in the prosecution of an offense under any of the following provisions of

the Penal Code, if committed against a child 12 years of age or younger.

(1) Chapter 21 (Sexual Offenses) or 22 (Assaultive Offenses);

(2) Section 25.02 (Incest);

\* \* \* \* \* \*

Sec. 2. (a) This article applies only to statements that describe the alleged offense that:

(1) were made by the child against whom the offense was allegedly committed; and

(2) were made to the first person, 18 years of age or older, other than the defendant, to whom the child made a statement about the offense.

(b) A statement that meets the requirements of Subsection (a) of this article is not inadmissible because of the hearsay rule if:

(1) on or before the 14th day before the date the proceeding begins, the party intending to offer the statement:

(A) notifies the adverse party of its intention to do so;

(B) provides the adverse party with the name of the witness through whom it intends to offer the statement; and

(C) provides the adverse party with a written summary of the statement;

(2) the trial court finds, in a hearing conducted outside the presence of the jury, that the statement is reliable based on the time, content, and circumstances of the statement; and

(3) the child testifies or is available to testify at the proceeding in court or in any other manner provided by law.

By its sole point of error, the State claims the trial court erred by granting appellee's motion to suppress because the offered statement fully complied with the requirements of article 38.072. The thrust of appellee's complaint in his motion to suppress was that (1) the statement was not made to the first person, eighteen years of age or older, to whom the child made a statement about the offense; and (2) the child could not be available to testify because she is incompetent to testify.

The motion to suppress was heard on a "Stipulation of Facts." The stipulation reads:

IT IS HEREBY agreed and stipulated as evidenced by the signatures below that if evidence were adduced at trial it would contain the following:

On May 19, 1987, [C___M___], the complainant in the above styled cause, related to Mabel Jarrett that [C___]'s father, EDDIE MOORE, stuck his finger in her "tootie" while at the same time pressing down hard on her navel with the other hand. [C___] demonstrated on anatomically correct dolls that the "tootie" is the vagina. [C___] also related that EDDIE MOORE put her hand on his "ding dong" and made her "master" it until "pee comes out". [C___] also stated that her mother was present and awake during this time and that she told her mother about the abuse. [C___] stated that "Momma said, 'Tell him to quit.'" but "Momma doesn't make him stop."

Cheryl Moore, the mother of the complainant and wife of the defendant, denies that [C___] has ever told her about this sexual abuse. However, Cheryl Moore has seen EDDIE MOORE engaging in an activity described as "lapping" wherein the defendant licks the complainant's tongue in order to show affection. Cheryl Moore considers this to be inappropriate for [C___]'s age.

Dr. Rafael Garcia, examining physician to [C___M___] conducted a vaginal examination of [C___M___] on June 2, 1987 and found a "bump" at the 5 o'clock position of the hymen which is consistent with a non-accidental injury and also consistent with digital penetration of the hymen. The "bump" is due to scar tissue forming after injury to the hymen.

[C___M___], the complainant, although able to relate verbally is incompetent to testify due to her young age. There are no other eye-witnesses to the offense alleged except Cheryl Moore who denies any knowledge of the abuse.

The record further shows that the stipulation of facts is a stipulation as to what the State's evidence would show. However, the stipulation of facts was not a

stipulation that the stated facts were true. According to the hearsay statements made by the child to Mabel Jarrett, the mother was the first adult the child informed concerning the alleged sexual abuse. However, the mother denied that the child had ever told her about the alleged sexual abuse. Thus, the evidence presented a conflict which the trial court resolved by suppressing the evidence.

In the suppression order, the trial court determined, among other things, that the proffered evidence did not comply with the requirements of article 38.072. In that regard, the trial court impliedly found that Mabel Jarrett was not the first adult to whom the child made a statement about the alleged offense, and the child could not be available to testify at trial since she was incompetent to testify (*i.e.*, the absence of two essential elements under article 38.-072). Those implied findings are supported by the stipulated evidence.

It is well settled that the trial court is the exclusive trier of fact at the hearing on a motion to suppress and, as such, the court may choose to believe or disbelieve any or all of a witness's testimony. *Taylor v. State*, 604 S.W.2d 175, 178 (Tex.Crim.App. 1980); *Luckett v. State*, 586 S.W.2d 524, 527 (Tex.Crim.App.1979). In that connection, the trial court's findings will be upheld when they are supported by the evidence. *Id. Also cf. White v. State*, 591 S.W.2d 851, 859–60 (Tex.Crim.App.1979); *Walker v. State*, 588 S.W.2d 920, 924 (Tex. Crim.App.1979). Moreover, in general, the trial court has broad discretion in determining the admissibility of evidence and the appellate court will not reverse unless a clear abuse of discretion is shown. *Williams v. State*, 535 S.W.2d 637, 639–40 (Tex.Crim.App.1976). In this instance, the record does not establish that the trial court clearly abused its discretion by suppressing the challenged evidence. The State's point of error is overruled.

The trial court's challenged suppression order is affirmed.