**Mickey Dean GARCIA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 13–87–520–CR, 13–87–521–CR.**

Court of Appeals of Texas,
Corpus Christi.

Nov. 10, 1988.

Rehearing Denied Dec. 8, 1988.

Jose Antonio Gomez, Edinburg, for appellant.

Ben Euresti, Jr., Brownsville, for appellee.

Before NYE, C.J., and UTTER and KENNEDY, JJ.

## OPINION

NYE, Chief Justice.

Appellant, Mickey Dean Garcia, was charged in three separate indictments with two counts of aggravated sexual assault and one count of indecency with a child. The jury found him guilty of indecency with a child and of one count of aggravated sexual assault. He was found not guilty on the remaining count. On the aggravated sexual assault charge, the jury assessed as punishment a fine of $1,000.00 and twenty years' confinement in the Texas Department of Corrections. On the charge of indecency with a child, the jury assessed as punishment ten years' confinement in the Texas Department of Corrections. The trial court ordered the sentences to run concurrently. We affirm the convictions.

The complainant, J.L.G., reported to authorities that her stepfather, appellant, Mickey Dean Garcia, had sexually abused her. At the time of the alleged abuse, she was residing with her natural mother and stepfather. Appellant, Mickey Dean Garcia, was arrested and indicted on two counts of aggravated sexual assault and one count of indecency with a child. On appeal, he filed one brief containing six points of error relating to his conviction for indecency with a child. He filed another brief containing four points of error relating to his conviction for aggravated sexual assault. Since both briefs raise similar points, we will consolidate them for discussion when appropriate.

By his first points of error, appellant, Mickey Dean Garcia, argues that the evidence is not sufficient to support his convictions because the State failed to prove, beyond a reasonable doubt, that he engaged in sexual contact with J.L.G., the victim alleged in the indictments.

In reviewing the sufficiency of the evidence to support a conviction, we look at all the evidence in the light most favorable to the verdict or judgment. *Houston v. State,* 663 S.W.2d 455, 456 (Tex.Crim.App. 1984).

Appellant's/Mickey Dean Garcia's indictment for indecency with a child states in pertinent part that on or about May 10, 1986, he, with intent to arouse and gratify his sexual desires, engaged in sexual contact by touching the genitals of J.L.G., a child younger than seventeen years of age and not his spouse. His indictment for aggravated sexual assault states in pertinent part that on or about May 10, 1986, he intentionally and knowingly caused the female sexual organ of Jennifer Lee Garcia, the victim, a child then and there younger . than fourteen years of age and not his spouse, to contact his mouth.

During trial the victim gave her name as J.L.G. She gave her stepfather's name as Mickey Garcia. She testified in effect that while attending North Fred Booth Elementary School, her teacher, Betty Ramirez, told her about bad touches and good touches. She then informed her teacher what had happened to herself. She stated that her teacher then took her to the principal's office, and that she told Herman Muniz, a child protective services officer, what had happened to her. She testified that on two occasions, appellant, Mickey Dean Garcia, put his mouth on her private part.

■ Appellant, Mickey Dean Garcia, argues that the State failed to prove that the victim, J.L. Garza, was also known by the name of J.L. Garcia, as alleged in the indictments. We disagree. J.L.G. never testified that she was not known by the name of J.L. Garcia. Moreover, the evidence shows that Betty Ramirez did talk to her students about sexual abuse. When she asked them if another person had ever touched their private parts, Ramirez testified that several students, including J.L. Garza raised their hands. However, when the State asked Ramirez if J.L. Garcia was one of the students who raised their hands, she answered; "Yes." When the State asked her what she did on behalf of J.L. Garcia, Ramirez stated that she took her to see the principal Beatrice Rodriguez. Ramirez stated that these events occurred on April 23, 1987. Rodriguez testified that J.L. Garcia was a student at North Fred Booth Elementary School from December of 1986 through the spring of 1987. She also testified that Betty Ramirez was Jennifer's teacher during this period. She stated that on April 23, 1987, Ramirez came to her office concerning J.L. Garcia. The nature of this visit dealt with Ramirez' findings regarding child abuse. At this point, Rodriguez contacted child protective services. Herman Muniz was the child protective services specialist called by Rodriguez. When the State asked him who questioned J.L. Garcia, he testified that it was he who questioned her. Muniz also testified that J.L.G. told him that in May of 1986, her stepfather touched her private part.

Tex.Code Crim.P.Ann. Art. 21.07 (Vernon 1966) provides in pertinent part that when a person is known by two or more names, it shall be sufficient to state either name in the indictment. The Texas Court of Criminal Appeals has stated that if the victim of

a sexual assault is known by two different names, either name can be stated in the indictment. *See Busby v. State,* 171 Tex. Cr.R. 689, 353 S.W.2d 431, 432 (1961).

After considering all of the evidence in the light most favorable to the verdict, we find that there is sufficient evidence to establish that the victim, J.L. Garza, was also known by the name of J.L. Garcia. We hold that either name could have been stated in the indictments. Tex.Code Crim. P.Ann. Art. 21.07. Appellant's/Mickey Dean Garcia's first points of error are overruled.

■ By his second points of error, appellant, Mickey Dean Garcia, argues that there was a fatal variance between the name of the victim alleged in the indictment and the proof adduced at trial.

We have previously pointed out that the victim, J.L. Garza, was also known by the name of J.L. Garcia, as alleged in the indictments. When a person is generally known by the name set out in the indictment, or is known by that name as well as another there is no variance. *Hammond v. State,* 465 S.W.2d 748, 750 (Tex.Crim.App. 1971); *see also Herrera v. State,* 623 S.W. 2d 940, 941 (Tex.Crim.App.1981); Tex.Code Crim.P.Ann. Art. 21.07. Appellant's/Mickey Dean Garcia's second points of error are overruled.

■ By his third points of error, appellant, Mickey Dean Garcia, argues that the trial court erred in allowing improper hearsay testimony in violation of Tex.Code Crim.P.Ann. Art. 38.072.

Tex.Code Crim.P.Ann. Art. 38.072 (Vernon Supp.1988) states in pertinent part that statements of a sexual assault victim under the age of twelve are not inadmissible hearsay as long as certain criteria are met. This article applies only to statements that describe the alleged offense that were made by the child against whom the offense was allegedly committed; and were made to the *first* person, eighteen years of age or older, other than the accused, to whom the child made a statement about the offense.

During trial, the State wanted Mr. Muniz to testify about what the victim told him about the alleged sexual abuse. Appellant, Mickey Dean Garcia, objected on the basis that this testimony would be hearsay. The trial court ruled that Muniz is the first person to whom a statement was made by the victim against appellant, Mickey Dean Garcia, regarding the alleged sexual conduct. Muniz was allowed to testify about what the victim told him. Appellant, Mickey Dean Garcia, argues that the trial court improperly admitted Muniz' testimony because Muniz was not the first person over eighteen years of age to whom the victim gave a statement describing the alleged sexual abuse. He maintains that Betty Ramirez was the first person over eighteen years of age to whom the victim gave a statement describing the alleged sexual abuse.

Before Muniz testified, Ramirez testified that when she asked her students whether another person had ever touched their private parts, J.L.G. raised her hand. Ramirez stated that J.L.G. told her she was having problems at home. Ramirez also stated that on several occasions, J.L.G. voluntarily approached her and wanted to tell her a lot of things and about what was going on at home. When the State asked Ramirez if J.L.G.'s conversations with her related to the discussion topic, she answered; "Exactly." Article 38.072 applies only to statements that *describe* the alleged offense. Ramirez did not testify about any statement made by Jennifer that described the alleged sexual offenses. We find no violation of Article 38.072. Appellant's/Mickey Dean Garcia's third points of error are overruled.

By his fourth points and fifth point of error, appellant, Mickey Dean Garcia, argues that the trial court erred in receiving and accepting a fatally defective jury verdict which was insufficient and uncertain and made no finding on the offense charged.

The record indicates that appellant, Mickey Dean Garcia, was indicted for both indecency with a child under cause number 87–CR–388–E, and aggravated sexual as-

sault under cause number 87–CR–389–E. Attached to the court's charge to the jury is an instrument entitled forms of verdict. This document contains four paragraphs. The first two paragraphs are separated from the second two paragraphs. The first two paragraphs ask the jury to state whether they find appellant, Mickey Dean Garcia, not guilty of aggravated sexual assault under cause number 87–CR–389–E, or guilty of aggravated sexual assault under 87–CR–389–E. The jury found him guilty. The last two paragraphs ask the jury to state whether they find appellant, Mickey Dean Garcia, not guilty of indecency with a child under cause number 87–CR–388–E, or guilty of indecency with a child under cause number 87–CR–389–E. The jury found him guilty.

Appellant, Mickey Dean Garcia, argues that: the trial court received a verdict which was insufficient and uncertain due to the jury's failure to make a finding regarding cause number 87–CR–388–E, that the jury made no finding of guilt regarding cause number 87–CR–388–E, that the jury's verdict of guilty on the offense of indecency with a child as charged in cause number 87–CR–389–E is not responsive to the crime charged in cause number 87–CR–388–E, and that the verdict is insufficient and uncertain because the jury found him guilty of both aggravated sexual assault and indecency with a child, which is a lessor included offense of aggravated sexual assault.

■ We note that appellant, Mickey Dean Garcia, did not object to the charge or form of the verdict on these grounds. He also did not object to the jury verdict. Where no proper objection to the alleged error in the charge was made during trial, the accused will obtain a reversal only if the error created egregious harm, denying him a fair and impartial trial. We must examine the degree of harm in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel, and any other relevant information revealed by the record. *Almanza v.*

*State,* 686 S.W.2d 157, 171 (Tex.Crim.App. 1985).

■ Appellant, Mickey Dean Garcia, does not argue that he was denied a fair and impartial trial. The variance between the cause number on his indictment for indecency with a child and the cause number as listed for this offense in the forms of verdict, appears to be a typographical error. After examining the court's charge, along with other pertinent matters in the record, we believe the jury intended to find appellant, Mickey Dean Garcia, guilty of indecency with a child. We hold that the variance was not so aggregious that appellant, Mickey Dean Garcia, was denied a fair and impartial trial. Appellant's/Mickey Dean Garcia's fourth points and fifth point of error are overruled.

By his final point of error, appellant, Mickey Dean Garcia, argues that the trial court erred in assessing punishment when there was no finding of guilt on the offense charged.

■ Appellant, Mickey Dean Garcia, argues that because the jury made no finding of guilt for the offense of indecency with a child under cause number 87–CR–388–E, punishment could not have been assessed for this offense. He bases his argument on Tex.Code Crim.P.Ann. Art. 37.07(2)(b) (Vernon Supp.1988). We note that appellant, Mickey Dean Garcia, made no objection on this ground during trial. Alleged error is not preserved in the absence of a timely and specific objection. *Green v. State,* 682 S.W.2d 271, 275 (Tex.Crim.App. 1984), *cert. denied,* 470 U.S. 1034, 105 S.Ct. 1407, 84 L.Ed.2d 794 (1985); *Edwards v. State,* 660 S.W.2d 622, 626 (Tex.App.—Corpus Christi 1983, pet. ref'd). Appellant's/Mickey Dean Garcia's final point of error is overruled.

The judgments of the trial court are AFFIRMED.