**Samuel Lee RAINEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–88–219–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 15, 1988.

Veryl E. Brown, Houston, for appellant.

Linda A. West, Houston, for appellee.

Before JUNELL, SEARS and CANNON, JJ.

## OPINION

JUNELL, Justice.

A jury convicted appellant of aggravated sexual assault and assessed punishment at twenty years confinement in the Texas Department of Corrections and a $5000 fine. In three points of error appellant claims (1) the trial court erred in allowing the complainant's mother to testify concerning statements made by the complainant about the offense; (2) the admission of the complainant's mother's testimony violated appellant's federal and state constitutional rights to confrontation and cross-examination of witnesses; and (3) the evidence was insufficient to support appellant's conviction. We affirm.

On the day of the offense, the complainant, a seven year old girl, returned home from school, her mother bathed her, and let her go outside to play. As the complainant was playing in her front yard that afternoon, appellant approached her and said, "come here." He then grabbed her by the arm and pulled her into his house. Appellant ordered the child to take her clothes off. When she refused to do so, he pulled off her shorts and underpants. Using anatomically correct male and female dolls, the complainant demonstrated at trial that appellant inserted his penis into her vagina as she lay on the living room floor.

Between 6:00 and 7:00 p.m. that evening, Charlene Taylor, the complainant's mother, went to a neighbor's house looking for the complainant. The neighbor, Elnora Paton, joined many other people in the neighborhood who were already involved in the search. Ms. Paton began calling the complainant's name as she searched for her. From inside appellant's house, the complainant heard Ms. Paton calling her name. When she tried to answer, appellant put his hand over the child's mouth and told her to be quiet. Instructing her not to tell anyone about what he had done, appellant gave the complainant a piece of candy and a quarter and allowed her to leave his house. Ms. Paton saw the complainant coming out of appellant's house and walked her home.

When the complainant returned home, she told her mother that she was hurting and began to cry. She said that appellant had told her to pull off her clothes and had "put his thing in [her]." Ms. Taylor then found that the complainant's underpants were inside out and very wet.

The complainant went to school the next morning. Her first grade teacher, Ms. Renea Habrams, testified that the complainant cried and was upset most of the day. Ms. Habrams would have sent the complainant to the school nurse that day had the nurse been at school that day. On the following Monday, the complainant saw the school nurse. When questioned about why she had been crying, the complainant told the nurse that a man "put his thing in [her] and it hurt." The nurse and the school principal advised Ms. Taylor to take the complainant to a hospital. Ms. Taylor took the complainant to Texas Children's Hospital that day.

Dr. Kelly Lobley, a pediatric resident at Baylor College of Medicine, was on duty in the emergency room of Texas Children's Hospital on the day the complainant was brought in to the hospital. He spoke with the complainant who related to him that a man named Sam had called her into his house and forced her to have sexual intercourse. Dr. Lobley's pelvic examination of the complainant revealed that the entrance to the vagina was red and the hymen had been lacerated. In addition, the remaining hymen was much thinner than usual with the edges rolled inward, indicating penetration. Dr. Lobley formed the opinion

that the complainant had undergone a sexual assault.

Appellant's evidence consisted of several alibi witnesses who testified that appellant was at the Riviera Club the night of the assault. Appellant denied assaulting the complainant, and also claimed that, since he was at the Riviera Club the night of the assault, his roommate must have assaulted the complainant.

■ In his first point of error appellant claims the trial court erred in allowing the complainant's mother to testify concerning statements made to her by the complainant about the offense. At trial, the complainant's mother testified that when Ms. Paton brought the complainant home, the complainant stated that "Sam came and got me." Ms. Taylor further testified that the complainant said that appellant told her to take off her clothes and he put his "thing" in her. Before Ms. Taylor testified, appellant objected to any testimony by Ms. Taylor as to the complainant's statements about the offense. Appellant based his objection on article 38.072 of the Texas Code of Criminal Procedure (Vernon Supp. 1988) which provides:

Sec. 1 This article applies to a proceeding in the prosecution of an offense under any of the following provisions of the Penal Code, if committed against a child 12 years of age or younger:

(1) Chapter 21 (Sexual Offenses) or 22 (Assaultive Offenses);

(2) Section 25.02 (Incest);

(3) Section 25.06 (Solicitation of a Child, added by Chapter 413, Acts of the 65th Legislature, Regular Session, 1977); or

(4) Section 43.25 (Sexual Performance by a Child);

Sec. 2.(a) This article applies only to statements that describe the alleged offense that:

(1) were made by the child against whom the offense was allegedly committed; and

(2) were made to the first person, 18 years of age or older, other than the defendant, to whom the child made a statement about the offense.

(b) A statement that meets the requirements of Subsection (a) of this article is not inadmissible because of the hearsay rule if:

(1) on or before the 14th day before the date the proceeding begins, the party intending to offer the statement:

(A) notifies the adverse party of its intention to do so;

(B) provides the adverse party with the name of the witness through whom it intends to offer the statement; and

(C) provides the adverse party with a written summary of the statement;

(2) the trial court finds, in a hearing conducted outside the presence of the jury, that the statement is reliable based on the time, content, and circumstances of the statement; and

(3) the child testifies or is available to testify at the proceeding in court or in any other manner provided by law.

The State complied with the requirements of the statute; however, appellant's primary argument is that the State failed to show that the complainant's mother, Ms. Taylor, was the first person, eighteen years of age or older, to whom the complainant made a statement about the offense. Appellant claims the complainant first told Ms. Paton about the offense, and not Ms. Taylor.

Ms. Paton and Ms. Taylor testified at a hearing held pursuant to article 38.072. The testimony at the hearing revealed that, as Ms. Paton was taking the complainant home, she asked the complainant if appellant had done anything to her, and the complainant answered, "no." Ms. Taylor testified that when the complainant returned home, she immediately told her that appellant had "messed" with her. Ms. Taylor testified that no one else was present when the complainant told her about appellant's actions. The trial court determined that the statement was reliable based on the time it was made and the contents of the statement. The trial court further held that the complainant first told her mother about the incident. The trial court allowed the testimony of the complainant's mother.

The trial court is the exclusive trier of fact in a hearing to suppress evidence and, as such, the court may choose to believe or disbelieve any or all of the witnesses' testimony. *Taylor v. State,* 604 S.W.2d 175, 178 (Tex.Crim.App.1980). The trial court has broad discretion in determining the admissibility of evidence and the appellate court will not reverse unless a clear abuse of discretion is shown. *Williams v. State,* 535 S.W.2d 637, 639–40 (Tex.Crim.App. 1976).

In this case, the record does not establish that the trial court abused its discretion in allowing the evidence. Although the complainant first spoke to Ms. Paton, she did not describe the offense to Ms. Paton. Article 38.072 applies only to statements that describe the alleged offense. *Turner v. State,* 721 S.W.2d 909, 911 (Tex.App.— Houston [1st Dist.] 1986, pet ref'd). The testimony at the hearing was of such a nature that it was reasonable for the trial court to believe that the first person to whom the complainant reported the incident was her mother. Appellant's first point of error is overruled.

■ In his second point of error appellant claims the trial court erred in permitting the complainant's mother to testify concerning the statements made to her by complainant because such testimony violated appellant's rights to confrontation and cross-examination of witnesses. Appellant claims, in essence, that article 38.072 violates the sixth and fourteenth amendments to the United States Constitution and article I, section 10 of the Texas Constitution. Appellant asserts a right to confront and cross-examine the complainant at the time she made the statement to her mother.

The confrontation clause provides that "In all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him."

The primary object of the [confrontation clause] was to prevent depositions or ex parte affidavits ... being used against the prisoner in lieu of a personal examination and cross-examination of the witness, in which the accused has an opportunity, not only of testing the recollection and sifting the conscience of the witness, but of compelling him to stand face to face with the jury in order that they may look at him, and judge by his demeanor upon the stand and the manner in which he gives his testimony whether he is worthy of belief.

*Mattox v. United States,* 156 U.S. 237, 242–43, 15 S.Ct. 337, 339–40, 39 L.Ed. 409 (1895). The confrontation clause was not intended to exclude all hearsay testimony. *Ohio v. Roberts,* 448 U.S. 56, 63, 100 S.Ct. 2531, 2537, 65 L.Ed.2d 597 (1980).

In determining whether article 38.072 violates the confrontation clause, we must look to whether the rule provides for statements with sufficient indicia of reliability to be admitted. First, article 38.072 requires that the child be available to testify before her statements made at the time of the offense will be admitted. Second, the only person who may testify to the child's statements is the first adult to whom the child reports the incident. Finally, article 38.072 gives the trial court the opportunity to determine if the testimony reaches the level of reliability required to be an exception to the hearsay rule.

In this case, the child testified about the offense and defense counsel thoroughly cross-examined her. Her testimony about the offense did not differ from the statements she made to her mother about the offense. The complainant's mother testified to those statements and she, too, was subjected to thorough cross-examination. Since there was an adequate opportunity to cross-examine the witness, appellant was not denied the right to confront his accuser. The testimony bore sufficient indicia of reliability and afforded the jury a satisfactory basis for evaluating the truth of the complainant's prior statement about the offense.

Appellant contends that article 38.072 is unconstitutional for the same reason that the court of criminal appeals declared article 38.071 of the Texas Code of Criminal Procedure Annotated (Vernon 1979) unconstitutional in *Long v. State,* 742 S.W.2d 302 (Tex.Crim.App.1987). However, the basis on which the court held article 38.071 un-

constitutional is not applicable to article 38.072. *Buckley v. State*, 758 S.W.2d 339 (Tex.App.—Texarkana 1988) (upholding article 38.072 against a sixth amendment challenge). We do not find article 38.072 unconstitutional as applied in this case. Appellant's second point of error is overruled.

■ In his third point of error appellant claims the evidence was insufficient to show that he was the individual who assaulted the complainant. In determining whether the evidence is sufficient to support a conviction for the offense charged, the appropriate standard of review is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979). *See also Houston v. State,* 663 S.W.2d 455, 456 (Tex. Crim.App.1984).

Several witnesses testified at trial that they knew the appellant and that he was the complainant's assailant. Ms. Paton testified that the complainant said that Sam had touched her on the legs. Ms. Taylor testified that the complainant knew the appellant because he was a neighbor. She called him by name when she reported that "Sam" came and took her away and told her to take her clothes off and put his "thing" in her. Finally, the complainant identified appellant as the man who assaulted her, and referred to her assailant as "Sam" throughout her testimony. This evidence is sufficient to support the jury's determination that appellant was the individual who assaulted the complainant. Appellant's third point of error is overruled.

The judgment of conviction is affirmed.