**Alfredo Gonzalez GARIBAY, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 13–88–637–CR.

Court of Appeals of Texas, Corpus Christi.

March 8, 1990.

Rehearing Overruled April 5, 1990.

Charles T. Conaway, San Antonio, for appellant.

Ben Euresti, Jr., County Crim. Dist. Atty., Brownsville, for appellee.

Before NYE, C.J., and SEERDEN and BENAVIDES, JJ.

## OPINION

SEERDEN, Justice.

A jury found appellant guilty of aggravated sexual assault, and the trial court assessed punishment at 25 years' confinement. Appellant contends that the trial court abused its discretion by allowing hearsay testimony and by allowing evidence of alleged specific misconduct. We affirm.

Appellant's first point of error contests the admissibility of the testimony of the victim's elementary school counselor, Elsa Garcia. The trial court ruled the testimony admissible under Tex.Code Crim.Proc.Ann. art. 38.072 (Vernon Supp.1990) after a hearing on the proposed testimony.

At the hearing, Ms. Garcia testified that the assistant principal, Mr. Coronado, brought the victim to her, telling Ms. Garcia that the matter was a sexual abuse case. The victim had been crying and continued to cry. Ms. Garcia repeated what the victim had told her, and stated that the next day, there was another meeting with a police officer. On cross-examination, Ms. Garcia stated that she believed that the victim had first spoken to her classroom teacher, Mr. Garcia, and then was brought to her by the assistant principal. When asked about the victim's communication with Mr. Garcia and with Mr. Coronado, Ms. Garcia said she did not know what was said to them, only that Mr. Coronado told her, "This seems to be a sexual abuse." She indicated that the victim was brought to her because she was a woman. She did not know if the victim gave the others any details.

The State then called the victim, who testified that she told her teacher, Mr. Garcia, that her uncle had abused her, but did not tell him anything else and did not tell him how the uncle had abused her. She said the teacher did not ask any more questions, and that she had not told anybody before she told her teacher. When asked to recount how she came to tell this to the teacher, she said, "I told him how I could go to the counselor. And then he asked me what was my problem." She said that first she said that her uncle had done something wrong, and when the teacher asked what, she said that "he abused me."

Tex.Code Crim.Proc.Ann. art. 38.072, § 2(a) (Vernon Supp.1990) states that the article "applies only to statements that describe the alleged offense that: ... (2) were made to the first person, 18 years of age or older, other than the defendant, to whom the child made a statement about the offense." Appellant does not complain about the trial court's finding that the statement was reliable based on the time, content, and circumstances of the state-

ment, but about the finding that Ms. Garcia was the first person to whom the victim made a statement about the offense as intended by article 38.072.

The trial court is the trier of fact at a hearing on a motion to suppress, and may believe or disbelieve any or all of a witness' testimony. *Taylor v. State,* 604 S.W.2d 175, 178 (Tex.Crim.App.1980); *Luckett v. State,* 586 S.W.2d 524, 527 (Tex.Crim.App. 1979); *State v. Moore,* 749 S.W.2d 601, 603 (Tex.App.—Amarillo 1988, no pet.). Moreover, the trial court generally has broad discretion in determining the admissibility of evidence. *Moore,* 749 S.W.2d at 603; *Williams v. State,* 535 S.W.2d 637, 639–40 (Tex.Crim.App.1976).

▉ The same complaint was raised in *Garcia v. State,* 760 S.W.2d 817, 820 (Tex. App.—Corpus Christi 1988, pet. granted). In that case, a child protective service specialist, Herman Muniz, was permitted to testify under article 38.072 about the victim's account of the abuse. Before the victim spoke with Muniz, she spoke with her teacher, Betty Ramirez. Ramirez testified that the victim responded when she asked her students whether another person touched their private parts. Ramirez stated that on several occasions the victim wanted to tell her about what went on at home. When the State asked if the victim's discussions with her related to the discussion topic, Ramirez replied, "Exactly." *Garcia,* 760 S.W.2d at 820. The defendant in *Garcia* complained that Ramirez, not Muniz, was the first person, eighteen years of age or older, other than the accused, to whom the child made a statement about the offense. This complaint was rejected. Ramirez did not testify about any statement of the victim describing the alleged offenses. In the case at bar, there is no suggestion that the victim provided details of the offense to anyone before describing it to Ms. Garcia. In fact, the victim's testimony establishes the limited scope of her statements to her teacher, who apparently correctly guessed that the victim was alluding to sexual, rather than physical, abuse.

Appellant urges reversal based on *State v. Moore,* 749 S.W.2d 601, 602 (Tex.App.—Amarillo 1988, no pet.). In that case, the trial court suppressed proposed testimony because there was evidence that the victim's mother, and not the proposed witness, was the first adult to whom the child made a statement about the offense. This case is distinguishable because the child in that case was not competent to testify, and because the trial court suppressed the proposed testimony. In *Moore,* the trial court impliedly found that the victim had informed her mother immediately and that whatever the victim said to her mother was sufficient to constitute the outcry. It is also clear that the statements to the proposed witness were made at a later time.

*Rainey v. State,* 763 S.W.2d 470, 473 (Tex.App.—Houston [14th Dist.] 1988, no pet.), addresses the question of who the first person was to whom the victim described the offense. In that case, a woman who took the victim home from the defendant's house asked the victim if the defendant had done anything to her, and the victim said, "no." However, upon arriving at home, she immediately made outcry to her mother. The trial court allowed the mother's testimony under section 38.072, and the appellate court agreed, stating that the first description of the offense was given to the mother.

The trial court had evidence before it from which it could conclude that the first description of the offense, sufficient to constitute the outcry statement contemplated by article 38.072, was the one given to Elsa Garcia, and not to the victim's teacher. We find no abuse of discretion and overrule point one.

▉ By point two, appellant complains of testimony of Trinidad Contreras, appellant's sister. She testified that appellant's wife had contemplated divorcing him, and had told her that "he had pulled a shotgun. He put it to her head and wanted to kill her. And, also, that he tried to suffocate her with a pillow. And he was having problems because he had another lady and a little girl in Mexico." Additionally, he complains that the trial court permitted

Sandra Galvan, a juvenile investigator for the police department, to testify that appellant's daughter told her that her mom and dad would constantly fight about the appellant's other family. The gist of appellant's complaint is that the evidence was not relevant or probative and did not fit within one of the exceptions to the exclusion of evidence of extraneous offenses.

An examination of the record shows that the testimony was offered in rebuttal to defense evidence that appellant's family life was harmonious. On direct examination, appellant's wife testified that the victim had never shown fear of appellant, that the family was very close, including with in-laws, and, that during the 20 years of their marriage he was a good husband. She again affirmed that he was a good husband and good father, and said that she had "no idea" why the victim would claim abuse. On cross-examination, she denied ever having real problems with appellant, contemplating divorce, or telling Trinidad that appellant had tried to kill her.

The prosecution is entitled, on rebuttal, to present any evidence that tends to refute an accused's defensive theory and the evidence supporting it. *Flannery v. State*, 676 S.W.2d 369, 370 (Tex.Crim.App.1984). On final argument, appellant's attorney portrayed appellant's family as hard-working, ordinary, and close. If not vital to his defense, appellant's wife's gratuitous testimony about his marriage and family life opened the door for the State's contrary evidence. *See Reid v. State*, 749 S.W.2d 903, 907 (Tex.App.—Dallas 1988, pet. ref'd) (attempt to discredit officer for not fingerprinting bags of marihuana invited testimony explaining why officer did not do so); *Hewitt v. State*, 734 S.W.2d 745, 751 (Tex.App.—Fort Worth 1987, pet. ref'd) (questioning S.T.E.P. program participation in effort to undermine *bona fides* of officer in stopping appellant invited evidence of program's purpose); *Ashford v. State*, 658 S.W.2d 216, 217 (Tex.App.—Texarkana 1983, no pet.) (even evidence of a defendant's refusal to take a breath test was admissible when defendant opened door by showing no test was given). The testimony of appellant's wife created an impression

about appellant's character and his family life which the State was entitled to rebut. *See Michel v. State*, 745 S.W.2d 497, 498 (Tex.App.—Corpus Christi 1988, no pet.). We overrule point two.

We AFFIRM the trial court's judgment.