**Affirmed and Memorandum Opinion filed December 5, 2013.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-12-00579-CR

---

**KEVIN MANDERSCHEID, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 338th District Court
Harris County, Texas
Trial Court Cause No. 1290929**

---

## M E M O R A N D U M    O P I N I O N

Appellant Kevin Manderscheid appeals his conviction of aggravated sexual assault of a child. In eight issues he argues the trial court erred in (1) permitting the State to ask commitment questions during voir dire; (2) failing to hold a hearing pursuant to article 38.072 of the Texas Code of Criminal Procedure; (3) failing to grant a mistrial due to a witness's reference to appellant as an "ex-con"; (4) admitting victim-impact evidence; (5) failing to grant a mistrial after the

prosecutor commented on appellant's failure to testify; (6) failing to grant a mistrial when the prosecutor argued outside the record; (7) violating appellant's right to testify; and (8) engaging in cumulative error. We affirm.

## BACKGROUND

The complainant's parents divorced when she was an infant. When the complainant was approximately thirteen years old, her mother and appellant lived together. The complainant lived with them for a period of time, and her mother later permitted the complainant to live alone in a nearby apartment. Over the course of approximately one year, appellant gave the complainant drugs and alcohol and engaged in sexual intercourse with her.

When the complainant was seventeen years old, she was living with her father in Colorado. The complainant had become angry and rebellious, and she often engaged in alcohol abuse and missed curfew. On one occasion, the complainant arrived at her father's home intoxicated and after curfew. During the conversation with her father that night, the complainant disclosed the sexual abuse. Appellant was convicted of aggravated sexual assault and sentenced to twenty years' confinement in the Institutional Division of the Texas Department of Criminal Justice. He does not challenge the sufficiency of the evidence to support his conviction.

## ANALYSIS

### I.     Voir dire

In his first issue, appellant contends the trial court erred in permitting the State to ask irrelevant, non-qualifying commitment questions in voir dire. Appellant alleges the State was permitted to ask the following questions:

1. What do you think a child molester looks like?

2

2. Is a child more likely to be molested by someone they know or a stranger?

3. Is a child more likely to be molested in a broken home or a stable home?

Prior to conducting its voir dire, the State shared with appellant a PowerPoint presentation that the prosecutor intended to use as a visual aid during voir dire. Appellant objected to certain questions and phrases contained in the presentation. Appellant first objected to the State's use of the term "child molester" because it was not the term used in the Penal Code. The court instructed the State to "choose another word." The State did so. During voir dire, the State asked "What does someone that commits aggravated sexual assault of a child look like?" Appellant did not object at the time the State asked the question.

With regard to the remaining two voir dire questions, appellant objected that the questions did not bear on the veniremembers' ability to "sit and serve" on the jury. Appellant objected to the relevance of the questions and stated that they were "akin to getting into the facts of the case." When the State asked the questions during voir dire, appellant did not object.

On appeal, appellant argues the prosecutor's questions were impermissible commitment questions. Appellant failed to preserve his complaint that they were commitment questions because he did not make that objection at trial. To preserve an issue for appellate review, there must be a timely objection specifically stating the legal basis for the objection. *Rezac v. State*, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990). An objection based on one legal theory may not be used to support a different legal theory on appeal. *Cook v. State*, 858 S.W.2d 467, 474 (Tex. Crim. App. 1993). The complaint appellant now raises does not comport with the objection he voiced at trial; therefore, appellant waived his complaint that the prosecutor's questions were commitment questions.

3

Appellant also contends that the State's questions were irrelevant. As explained above, the State rephrased the first question in response to appellant's objection, and appellant made no further objection to that question. Accordingly, no complaint regarding that question is preserved for our review. As to the second and third questions, we hold the trial court did not abuse its discretion in overruling appellant's relevance objection.

A trial court has broad discretion over the process of selecting a jury, and we will not reverse the trial court's decision on the propriety of a particular voir dire question absent an abuse of discretion. *Sells v. State*, 121 S.W.3d 748, 755 (Tex. Crim. App. 2003). A trial court abuses its discretion if it allows the State to ask an improper question. *Atkins v. State*, 951 S.W.2d 787, 790 (Tex. Crim. App. 1997). A question is improper if it (1) attempts to commit the juror to a particular verdict based on particular facts; or (2) is so vague or broad in nature as to constitute a global fishing expedition. *Sells*, 121 S.W.3d at 756. A question is proper if it seeks to discover a juror's views on an issue applicable to the case. *Id.* Generally, questions that are not clearly improper on some other basis may be asked for the purpose of intelligently exercising peremptory challenges. *Barajas v. State*, 93 S.W.3d 36, 39 (Tex. Crim. App. 2002).

In this case, the State's questions regarding whether a child is more likely to be assaulted by someone he or she knows and whether a child is more likely to be assaulted in a broken home sought information that would allow the State to use its peremptory strikes intelligently. Because the complainant had lived with appellant, the State may have wanted to explore whether any of the veniremembers thought it was unusual for a member of the complainant's household to commit sexual assault. In addition, because the complainant's parents were divorced, the State may have wanted to identify any bias by the veniremembers toward children

4

from a "broken home." The trial court did not abuse its discretion in permitting the State to ask these questions to aid its use of peremptory challenges. Appellant's first issue is overruled.

## II. Hearsay

In his second issue, appellant contends the trial court erred in denying his request for a hearing pursuant to article 38.072 of the Texas Code of Criminal Procedure. In a case alleging aggravated sexual assault, article 38.072 permits the first adult to whom a child made an outcry statement describing the alleged offense to testify about the statement if certain requirements are met. Tex. Code Crim. Proc. art. 38.072 § 2. One of the statutory requirements is that the trial court must hold a hearing outside the presence of the jury to determine whether the statement is reliable based on time, content, and circumstances of the statement. *Id.* In this case, appellant objected to the trial court's failure to conduct a hearing with regard to the testimony of the complainant's father.

The complainant's father was the first witness at trial. Prior to his testimony, appellant requested a hearing outside the presence of the jury to determine the admissibility of outcry testimony under article 38.072. The prosecutor explained that she only intended to elicit testimony that the abuse was disclosed to the father, and she did not intend to ask the details of the complainant's statement. Therefore, the prosecutor argued, the father's testimony was not hearsay because it was not being offered for the truth of the matter asserted—i.e., to prove that sexual abuse occurred. Rather, it was offered to show the father's reaction to the statement. The trial court overruled appellant's objection.

The father later testified as follows:

5

Q. (By [the prosecutor]) So you say [the complainant] came home drunk?

A. Yes, ma'am.

*　　*　　*

Q. Eventually, does she talk to you?

A. Yes, ma'am.

Q. And, again, we can't get into the specifics of what she said.

A. Yes, ma'am.

Q. But during that conversation, does she disclose any type of sexual abuse?

[Defense Counsel]: Objection again pursuant to the previous raised objection, Your Honor, under 38.07(2), [sic] failure to hold a hearing outside the presence, and hearsay.

THE COURT: Overruled. That's either "yes" or "no."

A. Could you restate your question, please, ma'am?

Q. (By [the prosecutor]) Yes, sir. Again, without going into any specifics of what she said, during that conversation, did she disclose any type of sexual abuse to you?

A. Yes, ma'am.

Q. When she told you that, how did you feel?

A. Shocked, hurt, angry, like a failure as a father.

We review a trial court's decision on the admissibility of evidence under an abuse of discretion standard, and we will not reverse that decision if it is within the "zone of reasonable disagreement." *Tillman v. State*, 354 S.W.3d 425, 435 (Tex. Crim. App. 2011). We conclude the trial court did not abuse its discretion by declining to hold a hearing under article 38.072 because the record does not show that the complainant's statement to her father qualifies as an outcry statement.

Article 38.072 is an exception to the hearsay rule. *Chapman v. State*, 150 S.W.3d 809, 812 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd). To fall

within the exception, the child's statement must describe the alleged offense in some discernible manner and must be more than a general allusion to sexual abuse. *See Garcia v. State*, 792 S.W.2d 88, 91 (Tex. Crim. App. 1990). Here, there is no evidence that the complainant described to her father any details of the alleged abuse. *See Hayden v. State*, 928 S.W.2d 229, 231 (Tex. App.—Houston [14th Dist.] 1996, pet. ref'd) (holding trial court did not abuse discretion in concluding teacher was not outcry witness where there was no evidence complainant described to her the details of the abuse); *Garibay v. State*, 787 S.W.2d 128, 129–30 (Tex. App.—Corpus Christi 1990, pet. ref'd) (holding trial court did not abuse discretion in concluding teacher was not outcry witness where complainant told teacher only that appellant abused her). Thus, the father's testimony about the statement is not admissible under article 38.072, and no hearing to determine the statement's reliability was required.

Because the article 38.072 exception does not apply, the question remains whether the father's testimony that the complainant disclosed sexual abuse to him was hearsay. Hearsay is a statement, other than one made by the declarant while testifying at trial, offered in evidence to prove the truth of the matter asserted. Tex. R. Evid. 801(d). Testimony not offered for the truth of the matter asserted is not hearsay. *Dinkins v. State*, 894 S.W.2d 330, 347 (Tex. Crim. App. 1995). For example, a statement offered to show the effect on the listener is not hearsay. *In re Bexar County Criminal Dist. Attorney's Office*, 224 S.W.3d 182, 189 (Tex. 2007). Here, the prosecutor argued that the father's testimony was being offered to show his reaction to the complainant's statement. In addition, the father did not name appellant as the abuser; rather, his testimony was part of a narrow line of inquiry showing how the alleged abuse came to be investigated years after it occurred. Under these circumstances, the trial court could reasonably have concluded that the

7

father's statement was not offered for its truth. The court's decision to overrule the hearsay objection was therefore within the zone of reasonable disagreement. Appellant's second issue is overruled.

## III.   Mistrial

In issues three, five, and six, appellant contends the trial court abused its discretion in denying his motions for mistrial when (1) a State's witness identified appellant as a former convict; (2) the prosecutor improperly commented on appellant's failure to testify; and (3) the prosecutor argued outside the record.

We review a trial court's denial of a motion for mistrial for an abuse of discretion. *Gamboa v. State*, 296 S.W.3d 574, 580 (Tex. Crim. App. 2009). A mistrial is a device used to halt trial proceedings when error is so prejudicial that expenditure of further time and expense would be wasteful and futile. *Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999). Whether a given error requires a mistrial must be determined by examining the particular facts of the case. *Hernandez v. State*, 805 S.W.2d 409, 413–14 (Tex. Crim. App. 1990).

### A.   Admission of extraneous offense evidence

The complainant's mother testified during the State's case-in-chief. During her testimony about the dissolution of her relationship with appellant, the complainant's mother testified as follows:

> Q. Why did it end?
>
> A. He had been up for, I think, five days. The Adderall kept him awake, I guess kept him going. He took—we argued, we fought, and he threatened to take my daughter with him, like, "I'm going to leave and I'm taking [the complainant] with me." I thought he meant like a parent.
>
> Q. At the time, that's what you thought?
>
> A. Yeah. I said, "Don't you threaten me with my child. There's no

8

way. You are an ex-con." Sorry. "But there's no way anybody would let you have her." He was angry and left. I guess he—when he drove off, he said he was going to clean the bank account out, he was leaving me, and he drove off.

Q. This was all right before his accident, you said?

A. Yeah.

Q. You-all broke up then?

A. I don't know if it was official, but it was pretty bad. He said, "I'm leaving."

[Defense counsel]: Judge, may we approach?

THE COURT: Yes.

(Whereupon counsel approached the bench out of the hearing of the jury.)

[Defense counsel]: Now, what I don't want to hear is this delayed reaction on my part. The prosecution has assured me, and I am not in any way suggesting that they on their part—that they had coached her clearly not to mention anything about this man having been to prison or anything else. Yet, in total non-response to a question, she has injected extraneous matters in front of this jury that he was an ex-con. I object to the answer first and foremost as being nonresponsive. I would ask the Court for a ruling and a motion to disregard, and then it's my intention to move for a mistrial because I don't think that can be cured.

After further discussion, the trial court sustained the objection and instructed the jury that the sentence, "That there's no way. You are an ex-con," should be disregarded and not considered as evidence. The court denied appellant's motion for a mistrial.

Though the mother's statement that appellant had previously been incarcerated was inadmissible under Texas Rule of Evidence 404(b), it "is well-settled that testimony referring to or implying extraneous offenses can be rendered harmless by an instruction to disregard by the trial judge, unless it appears the evidence was so clearly calculated to inflame the minds of the jury or is of such

9

damning character as to suggest it would be impossible to remove the harmful impression from the jury's mind." *Kemp v. State*, 846 S.W.2d 289, 308 (Tex. Crim. App. 1992) *see also Ovalle v. State*, 13 S.W.3d 774, 783 (Tex. Crim. App. 2000) ("Ordinarily, a prompt instruction to disregard will cure error associated with an improper question and answer, even one regarding extraneous offenses.").

This case is indistinguishable from a line of cases in which witnesses have made similarly inappropriate, but unembellished, references to the appellant's prior incarceration. *See Kemp*, 846 S.W.2d at 308 (witness disclosed that appellant "had recently been released from the penitentiary"); *Nobles v. State*, 843 S.W.2d 503, 513 (Tex. Crim. App. 1992) (witness testified that appellant "didn't want to go to the hospital because he didn't want to go back to prison"); *Tennard v. State*, 802 S.W.2d 678, 685 (Tex. Crim. App. 1990) (witness stated that he saw appellant "[w]hen he first got out of the penitentiary"); *Gardner v. State*, 730 S.W.2d 675, 696 (Tex. Crim. App. 1987) (witness revealed that appellant had experienced health problems "when he was in the penitentiary"); *Barney v. State*, 698 S.W.2d 114, 125 (Tex. Crim. App. 1985) (witness testified that victim did not like appellant "because he was an ex-con").

In each of these cases, the trial court instructed the jury to disregard the prejudicial testimony. *Kemp*, 846 S.W.2d at 308; *Nobles*, 843 S.W.2d at 514; *Tennard*, 802 S.W.2d at 685; *Gardner*, 730 S.W.2d at 696; *Barney*, 698 S.W.2d at 125. And in each of these cases, the Court of Criminal Appeals held the instruction to disregard was sufficient to cure any harm. *Kemp*, 846 S.W.2d at 308; *Nobles*, 843 S.W.2d at 514; *Tennard*, 802 S.W.2d at 685; *Gardner*, 730 S.W.2d at 697; *Barney*, 698 S.W.2d at 125.

In this case, the statement by complainant's mother that appellant is an "ex-con" is no more inflammatory or prejudicial than the statements by the witnesses in

the cases cited above. The trial court's instruction to disregard the testimony properly admonished the jury not to consider the comment as evidence. Accordingly, the trial court did not abuse its discretion in denying appellant's motion for mistrial.[1] Appellant's third issue is overruled.

## B. Closing argument

In his fifth issue, appellant contends the prosecutor improperly commented on appellant's right to remain silent. During closing argument, appellant largely focused on the complainant's credibility. Appellant described the complainant as "belligerent, defiant [and] manipulative." In response, the prosecutor argued:

> If this was a lie, [the complainant] wouldn't have had a single problem up there on that witness stand, but it wasn't. You saw how she reacted. You saw her body trembling when she talked about what happened.
>
> Folks, don't you know that he was trembling, too. Don't you know it was hard for him to listen to her get up there on that witness stand and tell you exactly what happened between the two of them?
>
> [Defense counsel]: Your Honor, I'm going to object to that last comment. That is a clear, blatant comment on my client's exercising his right not to testify.
>
> THE COURT: Sustained.
>
> [Defense counsel]: Your Honor, I would ask the Judge to instruct this jury to disregard that last comment for any and all purposes.
>
> THE COURT: All right. The jury will disregard the last statement by the prosecutor.
>
> [Defense counsel]: Your Honor, as a matter of law, I would ask the Court for a mistrial.

---

[1] On appeal, appellant also argues the trial court erred in denying his motion for mistrial because the probative value of the evidence was outweighed by its prejudicial effect. *See* Tex. R. Evid. 403. Appellant did not object on the basis of Rule 403 below, however, so that complaint is not preserved for our review. *See Cook*, 858 S.W.2d at474 (objection based on one legal theory may not be used to support a different legal theory on appeal).

11

THE COURT: That will be denied.

The United States and Texas Constitutions guarantee that a defendant in a criminal trial shall not be compelled to give evidence against himself. *See* U.S. Const. amend. V; Tex. Const. art. I. The failure of a defendant to testify on his own behalf shall not be taken as a circumstance against him and shall not be alluded to or commented on by counsel. Tex. Code Crim. Proc. art. 38.08. It is improper for either the State or the trial court to comment on the defendant's failure to testify. *See Bustamante v. State*, 48 S.W.3d 761, 764 (Tex. Crim. App. 2001) (*citing Davis v. United States*, 357 F.2d 438, 441 (5th Cir. 1966)).

To determine whether an improper comment occurred, the offending language must be viewed from the jury's standpoint and the implication that the comment referred to the defendant's failure to testify must be clear. *Bustamante*, 48 S.W.3d at 765. It is not sufficient that the language might be construed as an implied or indirect allusion. *Id.* The test is whether the language used was manifestly intended or was of such a character that the jury would necessarily and naturally take it as a comment on the defendant's failure to testify. *Id.* In applying this standard, we analyze the context in which the comment was made to determine whether the language used was of such character. *Cruz v. State*, 225 S.W.3d 546, 548 (Tex. Crim. App. 2007). A jury argument is improper where it calls the jury's attention to the absence of evidence that only the defendant's testimony could supply. *See Owen v. State*, 656 S.W.2d 458, 459 (Tex. Crim. App. 1983); *Crocker v. State*, 248 S.W.3d 299, 304 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd).

Appellant argues that the prosecutor's remark "called for the jurors to speculate on how the Appellant would respond/answer when Appellant was exercising his Fifth Amendment rights under the United States Constitution." However, in its context, the prosecutor's argument that it was hard for appellant to

12

listen to the complainant's testimony was in response to appellant's argument that the complainant was not credible. We conclude that this remark was not one that the jury would necessarily or naturally take as a comment on appellant's decision not to testify. *See Bustamante*, 48 S.W.3d at 765; *cf. Ortiz v. State*, 144 S.W.3d 225, 235 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd) (State argued that there was no testimony about particular kind of gun and that if other gun had been present, defendant would have said so; court held that in context, comment referred to defendant's pretrial statements already in evidence, not to defendant's failure to testify); *Villarreal v. State*, 79 S.W.3d 806, 812–13 (Tex. App.—Corpus Christi 2002, pet. ref'd) (comment that defendant had not offered reasonable explanation for evidence was in answer to defendant's jury argument and was at most indirect allusion to failure to testify); *Kan v. State*, 4 S.W.3d 38, 45 (Tex. App.—San Antonio 1999, pet. ref'd) ("What did Defendant put on there to show that sexual contact did not happen?" held to be rhetorical question that did not necessarily call to jury's attention to lack of evidence only defendant could provide). Appellant's fifth issue is overruled.

In his sixth issue, appellant contends the trial court erred in denying his motion for mistrial after the prosecutor argued outside the record. Appellant complains of the following argument:

> Now, no matter how much therapy [the complainant] goes through, this defendant is going to be with her for the rest of her life. No matter how hard she tries, she's never going to be able to forget what he did to her. One day when she falls in love and has sex with someone for the first time, he's going to be there. When she gets married —
>
> [Defense counsel]: Your Honor, I object to the prosecution testifying. She is going into facts not in evidence.
>
> THE COURT: All right. Sustained.

13

[Defense counsel]: I ask the jury be instructed to disregard the last comments of the prosecutor.

THE COURT: Please disregard the last comment of the State's attorney.

[Defense counsel]: Your Honor, based upon her previous —

THE COURT: Denied.

[Defense counsel]: — improper conduct in, I would ask for a mistrial.

THE COURT: Denied.

[Prosecutor]: Folks, based on your own common sense, you know that this is going to be there forever, and you don't need me to stand up here to tell you that.

It is the duty of trial counsel to confine his or her argument to the record; reference to facts that are neither in evidence nor inferable from the evidence is improper. *Alejandro v. State*, 493 S.W.2d 230, 231 (Tex. Crim. App. 1973). Proper jury argument generally falls within one of four general areas: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; and (4) plea for law enforcement. *Guidry v. State*, 9 S.W.3d 133, 154 (Tex. Crim. App. 1999). Error occurs when facts not supported by the record are interjected into the argument, but such error is not reversible unless, in light of the record, the argument is extreme or manifestly improper. *Brown v. State*, 270 S.W.3d 564, 570 (Tex. Crim. App. 2008).

In argument counsel may draw from the facts in evidence all inferences that are reasonable, fair, and legitimate and will be afforded latitude so long as the argument is supported by the evidence and offered in good faith. *Griffin v. State*, 554 S.W.2d 688, 690 (Tex. Crim. App. 1977). An inference is a conclusion reached by considering other facts and deducing a logical consequence from them. *See Hooper v. State*, 214 S.W.3d 9, 16 (Tex. Crim. App. 2007). Here, although the trial court sustained appellant's objection, it could also reasonably have found it

14

logical to deduce that a childhood sexual assault can have long-term effects on the victim. This reasonable deduction tends to show that the prosecutor's comment was not so improper as to require reversal. *See Belton v. State*, 900 S.W.2d 886, 899 (Tex. App.—El Paso 1995, pet. ref'd) (holding argument that victim would be in wheelchair for the rest of her life did not require reversal); *McGee v. State*, 852 S.W.2d 551, 559–60 (Tex. App.—Tyler 1992, pet. ref'd) (holding argument that victim's family would have to live with his death for the rest of their lives was not improper).

In most instances, an instruction to disregard an improper jury argument will cure any error. *Wesbrook v. State*, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000). Only offensive or flagrant error will mandate reversal after a trial court's instruction to disregard. *Id*. at 116. Here, the trial court quickly sustained appellant's objection and instructed the jury to disregard the State's comments. While the prosecutor should not have followed up on her statement that the complainant would suffer long-term effects from the assault after the trial court sustained appellant's objection, the prosecutor's comments "were not so highly inflammatory that a jury could not ignore them." *Phillips v. State*, 130 S.W.3d 343, 356 (Tex. App.—Houston [14th Dist.] 2004), *aff'd*, 193 S.W.3d 904 (Tex. Crim. App. 2006). Appellant's sixth issue is overruled.

## IV. Victim impact evidence

In his fourth issue, appellant contends the trial court permitted inadmissible victim impact evidence during the guilt-innocence phase of trial. The State introduced the expert testimony of Dr. Lawrence Thompson during its case-in-chief. Dr. Thompson testified to the effects of sexual assault on other family members:

Q. Sexual assault of a child, does it also affect the non-offending

15

caregiver, as well as the child?

A. It can.

Q. In what way?

A. It depends on the non-offending caregiver. To the extent, though, that that non-offending caregiver —

[Defense counsel]: Judge, I'm going to object to this. I fail to see its relevance at all.

THE COURT: Overruled.

A. To the extent that the non-offending caregiver, they love their child, they care for their child, they can certainly be hurt and upset and even traumatized by the fact that their child has been abused.

[Defense counsel]: Judge, again, just for the record, I amend my objection.

THE COURT: Approach the bench.

(Whereupon counsel approached the bench out of the hearing of the jury.)

[Defense counsel]: Judge, I believe this at best is not only not relevant, but it is tantamount to and appears to me to be victim impact testimony. The last time I checked, that's only relevant at punishment.

THE COURT: I think there was evidence concerning the non-offender and what she did and what she did not do, whether or not the victim told her mother about the abuse. So I think it is relevant as it relates to the testimony that I've heard during this trial concerning the non-offender, who is [the complainant's mother].

[Defense counsel]: Okay.

[Prosecutor]: Thank you, Judge.

(Whereupon the following proceeding is held in the hearing of the jury.)

Q. (By the prosecutor) Doctor, is it possible that sexual abuse can affect the entire family unit?

A. Yes, it is possible . . . .

As noted above, we review a trial court's decision to admit evidence under

16

an abuse-of-discretion standard. Appellant argues this irrelevant "victim-impact" evidence was improperly admitted at the guilt-innocence phase of trial. We disagree.

Victim impact evidence is evidence of the effect of an offense on people other than the victim. *Roberts v. State*, 220 S.W.3d 521, 531 (Tex. Crim. App. 2007). Such evidence generally is excluded as irrelevant to the issues at the guilt-innocence phase of a trial, but it can be admitted if it tends to make a fact of consequence to the determination of guilt more or less probable. *E.g., Love v. State*, 199 S.W.3d 447, 457 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd); *Petruccelli v. State*, 174 S.W.3d 761, 768 (Tex. App.—Waco 2005, pet. ref'd). Here, the trial court could reasonably have determined that: (1) Dr. Thompson's generalized testimony was not typical victim impact evidence because it did not address specifically how the complainant's family members were affected by appellant's actions; and (2) that his testimony was relevant at the guilt-innocence phase because it tended to corroborate the victim's testimony by showing that her mother's behavior was consistent with that of a non-offending caregiver of a child who has been sexually assaulted. Accordingly, the trial court did not abuse its discretion in overruling appellant's objection to Dr. Thompson's testimony. Appellant's fourth issue is overruled.

## V. Defendant's right to testify

In his seventh issue, appellant contends the trial court erred in violating his right to choose whether to testify under the Fifth and Fourteenth Amendments to the United States Constitution. After the State rested, appellant recalled the complainant's mother to testify. After her testimony, appellant's counsel explained to the court that he and appellant disagreed as to whether appellant should testify. The trial court allowed appellant five minutes to decide whether he

17

was going to testify. After a brief recess, appellant's counsel advised the court that "we are ready to proceed in front of the jury." Following that announcement, appellant's counsel rested his case.

In a motion for new trial, appellant argued that he received ineffective assistance of counsel because his trial counsel failed to allow him to testify. The trial court denied this motion, and appellant does not reurge his ineffective assistance complaint on appeal. Rather, appellant claims on appeal that the trial court denied him the right to testify. We disagree.

The record shows that the trial court gave appellant five minutes to decide whether to testify. Appellant did not object that this time period was inadequate. On appeal, appellant argues that the trial court had a duty to inquire whether he was voluntarily and knowingly waiving his right to testify. But in a case that neither party brought to our attention, the Court of Criminal Appeals rejected such a duty, and the overwhelming majority of courts around the country have done likewise. *Johnson v. State*, 169 S.W.3d 223, 232–34 (Tex. Crim. App. 2005).[2] We therefore overrule appellant's seventh issue.

## VI.    Cumulative error

In his eighth issue, appellant contends the trial court's aforementioned error resulted in cumulative harm. A number of errors, even if harmless when separately considered, may be harmful in their cumulative effect. *Chamberlain v. State*, 998

---

[2] *See also, e.g., United States v. Ly*, 646 F.3d 1307, 1314–15 (11th Cir. 2011); *United States v. Brown*, 217 F.3d 247, 258 (5th Cir. 2000), *vacated on other grounds sub nom. Randle v. United States*, 531 U.S. 1136 (2001); *United States v. Leggett*, 162 F.3d 237, 246–47 (3d Cir. 1998) (collecting cases); *Brown v. Artuz*, 124 F.3d 73, 78–79 (2d Cir. 1997) (collecting cases); *Zamora v. State*, No. 12-09-391-CR, 2010 WL 4259176, at *1 (Tex. App.—Tyler Oct. 27, 2010, no pet.) (mem. op., not designated for publication); *Bean v. State*, No. 04-03-114-CR, 2003 WL 23095725, at *3 (Tex. App.—San Antonio Dec. 31, 2003, pet. ref'd) (mem. op., not designated for publication).

S.W.2d 230, 238 (Tex. Crim. App. 1999); *Melancon v. State*, 66 S.W.3d 375, 385 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd). Non-errors, however, may not cumulatively produce harm. *Hughes v. State*, 24 S.W.3d 833, 844 (Tex. Crim. App. 2000). Because appellant has shown no error by the trial court, there can be no cumulative error or harm. Appellant's eighth issue is overruled.

The judgment of the trial court is affirmed.


/s/     J. Brett Busby
        Justice


Panel consists of Justices Boyce, Jamison, and Busby.

Do Not Publish — TEX. R. APP. P. 47.2(b).