NO. 07-10-0318-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 21, 2011

RENE L. FRANCO,

Appellant

v.

THE STATE OF TEXAS,

Appellee

FROM THE 121ST DISTRICT COURT OF TERRY COUNTY;

NO. 5920; HONORABLE KELLY G. MOORE, PRESIDING

*Opinion*

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Rene L. Franco challenges his conviction of sexual assault of a child by contending 1) the evidence is legally insufficient to support it, and 2) the trial court erred in admitting evidence that improperly bolstered the complainant's purported truthfulness. We affirm the judgment.

*Sufficiency of the Evidence*

We review the sufficiency of the evidence under the standard discussed in *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) and *Brooks v.*

*State*, 323 S.W.3d 893, 902 (Tex. Crim. App. 2010). Next, appellant was charged with intentionally and knowingly causing the penetration of the sexual organ of his niece (by marriage), who was under seventeen years of age, by his sexual organ. *See* TEX. PENAL CODE ANN. §22.011(a)(2) (Vernon Supp. 2010). At trial, the complainant testified that appellant raped her by putting his penis inside her vaginal area when she stayed the night at the home of her aunt and uncle. She did not report the attack until a month later when she was being disciplined for allowing a boy to enter her bedroom at night for the purpose of having sex. The evidence allegedly is insufficient to prove guilt because it consists of "a string of misleading facts and inconsistent testimony from the complainant." We overrule the issue.

The testimony of the complainant alone, if believed by the jury, is sufficient to support the conviction. TEX. CODE CRIM. PROC. ANN. art. 38.07(a) (Vernon 2005); *Perez v. State,* 113 S.W.3d 819, 838 (Tex. App.–Austin 2003, pet. ref'd), *overruled in part on other grounds by Taylor v. State,* 268 S.W.3d 571 (Tex. Crim. App. 2008); *Jensen v. State,* 66 S.W.3d 528, 534 (Tex. App.–Houston [14th Dist.] 2002, pet. ref'd). Any inconsistencies in the evidence were for the jury to resolve, as were issues regarding the credibility of the complainant and the other witnesses, and we are required to defer to its determination on those issues.[1] *Brooks v. State,* 323 S.W.3d at 902 n.19.

---

[1]Appellant particularly points to 1) testimony from a police officer that the complainant told him she screamed at the time of the assault although she denied at trial that she had done so, 2) the fact that the complainant told her parents of the assault only after they were outraged over her behavior with a boy, 3) the use of "penal code" language by the complainant in describing the assault, and 4) the failure of police or the complainant's parents to seek a medical exam.

*Admission of Evidence*

Appellant next complains about the admission into evidence of testimony from the complainant's mother regarding the truthfulness of her daughter's allegations.[2] We overrule the issue.

Appellant objected below to the utterance on the basis that it constituted a "conclusion." Now, he suggests that it was inadmissible as an attempt to impermissibly bolster the credibility of the complainant in violation of Texas Rule of Evidence 701. It is true that an attempt to bolster the veracity of a complaining witness generally is prohibited because the testimony is not helpful to the jury and, therefore, lacks relevance. *Arzaga v. State*, 86 S.W.3d 767, 776 (Tex. App.–El Paso 2002, no pet.). That is, it tends to usurp the resolution of an issue which only a jury can resolve. *Id.* (stating that such evidence is inadmissible because it impermissibly decides an issue for the jury); *accord, Reynolds v. State*, 227 S.W.3d 355, 365-66 (Tex. App.–Texarkana 2007, no pet.) (stating the same). Yet, complaining about evidence on this basis is quite different from complaining about it because certain testimony is a conclusion. Conclusions may encompass most anything, such as conclusions of law, conclusions of fact, and observations lacking factual support or explanation. So too may conclusions be quite relevant, though inadmissible for other reasons. Given this, we must conclude that the objection asserted below fails to comport with that proffered on appeal. *Heidelberg v. State,* 144 S.W.3d 535, 537 (Tex. Crim. App. 2004) (stating that the

---

[2]The State asked the witness: "Do you believe your daughter when she told you what [appellant] did to her?" The witness answered: "Yes."

complaint on appeal must comport with that made at trial). Uttering "conclusion" without more is not enough to reasonably inform the trial court that the testimony may violate Texas Rule of Evidence 701 (involving opinions given by lay witnesses) or constitute impermissible bolstering. Consequently, the complaint before us was not preserved below. *See Arzaga v. State*, 86 S.W.3d at 776 n.1 (stating that while a "bolstering objection" preserves the complaint for review, the better practice is to object because the testimony lacks relevance or constitutes improper opinion testimony).

Accordingly, the judgment is affirmed.


Brian Quinn
Chief Justice

Publish.