

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

## No. 07-12-0213-CR
_____


Henry D. Sanders, Appellant

v.

The State of Texas, Appellee

On Appeal from the 137th District Court
Lubbock County, Texas
Trial Court No. 2011-431,742, Honorable John J. McClendon III, Presiding

April 30, 2013

## MEMORANDUM OPINION

### Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Henry D. Sanders was convicted of "sexual assault-child bigamy." He challenges the conviction by arguing that 1) the evidence was insufficient to sustain the verdict, 2) the trial court erred in admitting evidence of extraneous offenses, and 3) he received ineffective assistance of counsel during the punishment phase. We affirm the judgment.

*Sufficiency of the Evidence*

According to appellant, the evidence was insufficient to support his conviction because testimony from the child victim and her mother was inconsistent or contradictory. The issue is overruled.

We review challenges to the sufficiency of the evidence under the standard discussed in *Brooks v. State,* 323 S.W.3d 893 (Tex. Crim. App. 2010). Furthermore, the testimony of a child complainant is alone sufficient to sustain a conviction. *Cantu v. State,* 366 S.W.3d 771, 775-76 (Tex. App.–Amarillo 2012, no pet.); *Glockzin v. State,* 220 S.W.3d 140, 147 (Tex. App.–Fort Worth 2007, pet. ref'd).

Here, the child complainant testified that appellant had engaged in sexual intercourse with her. Other evidence discloses that 1) the complainant was fifteen at the time, 2) the complainant's mother encountered the victim and appellant together in bed wherein appellant's and complainant's underwear were off or down, 3) complainant was on her knees in bed facing away from appellant when found by the mother, 4) it appeared to the mother that appellant had been putting his penis in her daughter's vagina from behind, 5) the complainant had a recent tear at the bottom of her vaginal area consistent with penetration, 6) after his arrest, appellant called the complainant and her mother from jail on more than one occasion and said, "the devil made him do these things," he would take all the counseling he could get, that he was going to "run to the church house," and he "didn't mean for nothing to happen," 7) in other telephone calls, he told his wife to "school" the children on what to say when they were interviewed, 8) appellant had once choked the complainant for talking to a boy on the phone, and 9) appellant also had sexual relations with the complainant on another

occasion when she was fourteen. This evidence permits a rational trier of fact to conclude that appellant was guilty of the crime charged beyond a reasonable doubt. Inconsistencies or contradictions in the foregoing evidence did not strip it of probative value. At best, they merely created issues of fact for the jury to resolve. *Franco v. State,* 339 S.W.3d 793, 794 (Tex. App.–Amarillo 2011, no pet.). And, we defer to the way in which they were resolved. *Brooks v. State,* 323 S.W.3d at 899.

*Extraneous Offenses*

Next, appellant complains of the admission of extraneous bad acts or crimes. The latter consisted of his once choking the victim for talking to a boy on the phone and of his engaging in a prior sexual liaison with the complainant. This evidence was admitted without the State proving, beyond reasonable doubt, that the acts occurred, according to appellant; thus, it allegedly was inadmissible. However, no one objected to the testimony involved. Consequently, the matters were not preserved for review. *Malpica v. State,* 108 S.W.3d 374, 377-78 (Tex. App.–Tyler 2003, pet. ref'd). And, the issue is overruled.

*Ineffective Assistance of Counsel*

Finally, appellant claims he received ineffective assistance of counsel at the punishment phase of the trial because his attorney advised him to admit to and apologize for committing the sexual assault. Purportedly, this was deficient conduct because appellant received a life sentence. We need not conjecture on whether such advice would have been considered deficient if the sentence was less than that levied here. It is enough to say that a trial strategy founded upon confessing or apologizing for the purpose of seeking leniency has been deemed reasonable and beyond the pale of

ineffectiveness. *See Idehen v. State*, No. 14-05-00901-CR, 2006 Tex. App. LEXIS 4395, at *6-7 (Tex. App.–Houston [14th Dist.] May 18, 2006, no pet.) (not designated for publication) (stating that "even assuming counsel advised appellant to confess during punishment, appellant fails to show that the suggestion was not based on reasonable trial strategy, such as seeking to appear honest or remorseful with the jury"); *see also Flemming v. State*, 949 S.W.2d 876, 881 (Tex. App.–Houston [14th Dist.] 1997, no pet.) (declining to find ineffective assistance when counsel failed to suggest during closing that the defendant was not guilty because it was "plausible" that counsel "concluded that the best strategy might be to appear open and honest to the jury in hopes of mitigating punishment"). Like the situation in *Idehen*, the jury here had also "found beyond a reasonable doubt that appellant sexually assaulted [the child victim]"; so the suggestion that appellant confess, to conceivably mitigate punishment, is not so outrageous that no competent attorney would have pursued it. The issue is overruled.

Accordingly, the judgment is affirmed.


Brian Quinn
Chief Justice

Do not publish.