

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-12-00380-CR

RITCHIE LAWSON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 364th District Court
Lubbock County, Texas
Trial Court No. 2012-434,666, Honorable Blair Cherry, Presiding

September 5, 2013

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant Ritchie Lawson appeals his conviction for sexual assault. On appeal, he questions the sufficiency of the evidence underlying that conviction. We affirm the judgment.

We review challenges to the sufficiency of the evidence under the standard discussed in *Brooks v. State,* 323 S.W.3d 893 (Tex. Crim. App. 2010). No further explanation of the standard is necessary.

As mentioned in appellant's brief, the complainant testified that appellant had sex with her without her consent. Because the testimony of the complainant alone, if believed, is sufficient to sustain a conviction, *Franco v. State,* 339 S.W.3d 793, 794 (Tex. App.–Amarillo 2011, no pet.), there appears of record some evidence upon which rational jurors could conclude, beyond reasonable doubt, that appellant committed the crime for which he was convicted. Nonetheless, appellant believes that the complainant's testimony was not credible, that it was contradicted by other evidence, and, therefore, it cannot support the conviction.

It is true that appellant denied engaging in sex with the complainant and that evidence appears of record indicating that the complainant engaged in what some could categorize as erratic or odd behavior. Yet, other evidence illustrated the presence of appellant's semen/DNA in her vagina. Taken as a whole, the circumstances before the jury simply triggered its duty to resolve credibility issues and decide who and what to believe. Again, that is the function of a jury, and we defer to the manner in which it resolved those issues. *Franco v. State,* 339 S.W.3d at 794 (stating that any inconsistencies in the evidence were for the jury to resolve, as were issues regarding the credibility of the complainant, and we defer to the jury's determination of those issues).

Appellant's sole issue is overruled, and the judgment is affirmed.


                                                    Brian Quinn
                                                    Chief Justice
Do not publish.


2