

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-12-00391-CR

QUENTIN RAY TOOMBS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 320th District Court
Potter County, Texas
Trial Court No. 63,577-D, Honorable Richard Dambold, Presiding

September 5, 2013

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Quentin Ray Tombs appeals his conviction for possessing a controlled substance (cocaine) in an amount of one gram or more but less than four grams in a drug free zone. He contends the evidence is insufficient to show that he was aware that he possessed cocaine. We affirm the judgment.

We review the sufficiency of the evidence under the standard discussed in *Brooks v. State,* 323 S.W.3d 893 (Tex. Crim. App. 2010).

Next, the evidence shows that during the night of May 14, 2011, Officers D.W. Griffin and Scott Acker were walking through the parking lot at Tatum's nightclub in Amarillo as part of their assignment to visit various bars because of problems with underage drinking, fights, weapons, and drugs. Griffin observed two men in a vehicle facing each other in what appeared to be a hand-to-hand transaction. As the officers approached, appellant, who was in the driver's seat, turned and looked over his left shoulder. Thereafter, the officers testified to seeing him lean forward as if reaching under the driver's seat. The passenger made no like move, according to the officers.

Appellant then exited the vehicle. When he did, Griffin observed an open bottle of alcohol, which circumstance evinced a violation of a municipal ordinance. Upon being asked who he was, appellant initially misidentified himself but subsequently corrected the falsehood. So too did he admit to having K2, a supplement to marijuana, in his possession.

Upon appellant being arrested under an outstanding warrant, the officers discovered cocaine under the driver's seat and over $2000 on appellant's person. According to the passenger in the vehicle, the cocaine belonged to appellant.

The State was required to prove that appellant exercised care, custody, control or management of the drugs and knew that the object was contraband. *Poindexter v. State,* 153 S.W.3d 402, 405 (Tex. Crim. App. 2005). Appellant alleges that this test was not satisfied because of alleged inconsistencies in the testimony. Those inconsistencies include 1) Griffin stating in one report that appellant had looked over his right shoulder instead of his left shoulder, although Griffin explained he had later corrected that report, 2) Griffin saying that the passenger exited the vehicle around the

2

same time as appellant, although Acker stated the passenger did not exit the vehicle until several minutes later, and 3) one officer saying the amount of money discovered on appellant was $2092 while the other officer said it was $2076. Appellant also points to conflicting evidence from the passenger who testified that the drugs were not his and testimony from appellant's investigator who stated that the passenger told him he grabbed the drugs from the console and threw them where they were found.

It is for the jury to resolve inconsistencies in the evidence, and we must defer to its determinations. *Franco v. State,* 339 S.W.3d 793, 794 (Tex. App.–Amarillo 2011, no pet.). And, while there may appear conflicting evidence of record, the testimony about seeing appellant engage in a furtive gesture akin to placing something under the driver's seat in which he sat, his attempt to misidentify himself, his possession of a rather large sum of money and a marijuana supplement, and the passenger's statement that appellant owned the drugs was more than some evidence permitting a rational trier of fact to find beyond a reasonable doubt that appellant was in control of the cocaine and knew it was contraband. *See Pena v. State,* 251 S.W.3d 601, 609-10 (Tex. App.– Houston [1st Dist.] 2007, pet. ref'd) (finding the evidence of possession convincing and persuasive when the defendant was seen tugging and pulling on the seat he was sitting on in the vehicle and then lifting the seat and putting something under it, and cocaine was found under his seat).

Accordingly, we overrule the issue and affirm the judgment.


Per Curiam

Do not publish.


3